John Lawrence Hardaway MEADOR, Appellant,

v.

J. S. LEWIS, Appellee.

No. 6904.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 6, 1956.

Rehearing Denied Oct. 4, 1956.

C. S. Farmer, Waco, C. A. Brian, Marshall, for appellant.

Norman, Rounsaville & Hassell, Lewis & Chandler, Jacksonville, for appellee.

DAVIS, Justice.

Plaintiff-appellant filed suit in the District Court of Cherokee County on June 28, 1954, to cancel certain deeds of conveyance to an undivided interest in and to 320 acres of land in the J. J. Vickery Survey. He alleged in his petition, among other things, that he was non compos mentis at the time of the execution of the instruments sought to be cancelled. On February 9, 1956 (the case having been set for trial on February 20, 1956), the attorneys for plaintiff and defendant reached an agreement to compromise and settle the case, subject to the approval of their respective clients. Oral approval was secured by the attorneys, but before the settlement was consummated, plaintiff-appellant notified his attorney that he repudiated the settlement agreement and refused to go through with it.

On February 14, 1956, the wife of plaintiff-appellant was appointed temporary guardian of the person and estate of appellant by the County Court of Anderson County, Texas, because of his mental condition. On February 15, 1956, she filed her motion as such Guardian to be substituted as party plaintiff in the suit pending in the District Court of Cherokee County. The case in Cherokee County being set for trial for February 20, 1956, the motion for substituting the Guardian, Mrs. Meador, as plaintiff, was set for the same date. Appellee-defendant filed an answer to the motion, and joined in such answer a motion to confirm the settlement agreement and dismiss the case.

On February 20, 1956, a hearing was had on the motion to substitute the Guardian as plaintiff in the case, and in the course of the hearing, the jury was dismissed, the motion to substitute the Guardian as plaintiff was overruled, the motion to confirm the settlement agreement was granted, and the case was dismissed. From this judgment, an appeal has been perfected and appellant brings forward four points of error.

By point 4 appellant complains of the action of the trial court in sustaining the motion to confirm the settlement agreement because the parol agreement for the conveyance of land could not be judicially enforced. Without outlining the full history of this case, we hold that the factual and legal principles involved here are analogous to those in the case of Burnaman v. Heaton, 150 Tex. 333, 240 S.W.2d 288. In that opinion, the Honorable Mr. Justice Smith of our Supreme Court ably discusses the issues involved and the holdings of the Supreme Court in that case very positively disposes of this point. The point is sustained.

In view of the fact that the case must be tried upon its merits we will not discuss points 1, 2 and 3 except to say that they are well taken and are sustained.

We suggest a study of "necessary parties" to this suit.

The judgment of the trial court is reversed and the case is remanded with instructions to re-instate the same.