Joseph A. Gavagan, J.
This is an action for personal injuries. At or about 9:30 a.m. on March 3, 1955, the infant plaintiff, Barbara Lee, sustained third degree burns of the palms of both hands when she came into physical contact with a steampipe in the apartment occupied by her family at No. 237 West 13th Street, New York City. The guardian ad litem seeks a recovery for the attendant medical expenses. Prior to the institution of this action the father, Gim T. Lee, was duly appointed guardian ad litem of the said infant with authority to institute and prosecute the cause of action hereinafter alleged on behalf of the infant by an order of this court made and entered in the office of the County Clerk of New York County on the 13th day of June, 1955. Subsequently this action came on for trial before me at Special and Trial Terms, Part III. Over a period of several days the court held conferences with all parties in an effort to dispose of this matter. Due to the inability of the infant’s parents to speak or understand English, the court obtained the services of Lily Chu, a Chinese interpreter. The defendant offered $4,000 to compromise this action. The guardian ad litem has rejected this offer. The question before this court is should the guardian ad litem, however well intentioned, stubbornly and without valid reason refuse to compromise this action, or should the court permit the case to go to trial — at which time the offer will be withdrawn — and very likely find the complaint dismissed?
Rule 42 of the Rules of Civil Practice reads in part as follows:
It shall be the duty of a guardian ad litem * * to *347 examine into the circumstances of the cause or matter so far as to enable him to protect the rights of the infant. ’ ’
‘ ‘ A guardian ad litem is an officer of the court with powers and duties strictly limited by law. He may act only in accordance with the instructions of the court and within the law under which appointed. ’ ’ (Honadle v. Stafford, 265 N. Y. 354.)
The court has power to remove or revoke the authority of a guardian ad litem at its discretion and it is its duty to do so where it is necessary and in order to protect the interests of the infant, or where his interests are adverse to those of the infant’s, or where such action is necessary to prevent the infant being prejudiced by his acts.
A guardian ad litem may not do any act which will prejudicially affect the rights of an infant whose interest he was appointed to protect and his duty requires him to acquaint himself with all of the rights of the infant in order to protect her. The functions of a guardian ad litem appointed to protect the interests of an infant are purely ministerial and not judicial or quasi-judicial and he must submit to the court for its consideration every question involving the rights of an infant affected by the suit.
This infant is a ward of the court, whose prime purpose is to protect her interests. This court has had ample opportunity to study the actions and motives of the father and mother. Unquestionably, there is a strong bond of love and affection existing in this family and the court feels that the father is acting in good faith and can readily appreciate his feelings in this matter. The parents of this infant plaintiff do not speak English but only Chinese, and through the aid of Mrs. Chu, the interpreter, the court has pointed out to the parents the difficulties inherent in this action, and the very strong possibility that there would probably be no recovery in the event that the case went to trial. These parents not being familiar with our customs, with our courts, and with its procedure, the court is constrained to take the action it does. However, the court’s primary function is to safeguard the interests of this child, and this it intends to do.
The New York Judicial Council, in its Thirteenth Annual Report of 1947, recognized the problems arising in tort cases and recommended an amendment to rule 294 of the Rules of Civil Practice, which became effective October 15,1947, whereby a new and elaborate proceeding was set up for the compromise or settlement of infants ’ claims with adequate safeguards by requiring under rule 294 the approval by a court of the compromise of a cause of action belonging to an infant. The Judicial Council, *348 in making its recommendations, speaks as follows (pp. 206, 207): the appointment of * * * a [special] guardian, who is usually a parent, is meaningless since the sole function of the guardian ad litem is to prosecute an action on the infant’s behalf and he, therefore, lacks the power to compromise. (Edsall v. Vandemark, 39 Barb. 589, Gen. Term 1863.) * * * However, where such representative is a parent, endowing him with the title of special guardian adds nothing to his power, since neither as natural nor as special guardian does he possess the power to compromise. * * * There is no magic in the appellation ‘ guardian ’ which automatically vests the parent with a new insight and peculiar ability to effect a better compromise. The validity and binding characteristic of the settlement which will be effected derives its strength from the approval of the court and not from the title under which the parent seeks that approval.”
Considering the historical background of rule 294, it seems clear that it was not the intent of the rule makers that a guardian ad litem should have a power of veto over a proposed compromise settlement of an infant’s cause of action. The inherent jurisdiction over infants and their estates was in the Court of Chancery and is now vested in the Supreme Court (Civ. Prae. Act, § 64; Matter of Hubbard, 82 N. Y. 90). To permit the guardian ad litem here to frustrate the proposed compromise would amount to a partial surrender of this court’s jurisdiction to such guardian. With this conclusion we cannot agree. In conformity with rule 294, this court has made a full examination into all the facts regarding the reasonableness and the propriety of the proposed offer in compromise and settlement. Under all the facts and circumstances prevailing in this particular case, the court will not countenance the father’s obdurate attitude and his refusal to consent. This court appreciates the candor and integrity of Paul Corwin, plaintiff’s counsel, who has indicated to the court his problem in relation to the guardian ad litem. He is to be commended for his efforts in attempting to bring about a most beneficial disposition of this action. Plaintiff’s counsel has informed the court that the doctor will take a greatly reduced sum for his fee in attending this injured child as will the hospital. The sum of money offered by Irving Segal, attorney for the defendant, under the circumstances is a generous offer and the court is most appreciative of the position that he has taken. It is in keeping with the highest traditions of the Bar.
Upon all of the facts before the court, in which everyone has attempted most diligently to aid "this infant, the court, ever *349 mindful of its sacred duty in protecting this child, directs these actions be compromised in the sum of $4,000 offered by the defendant.
Counsel for plaintiff is directed to submit a proposed order in conformity with the statement dictated into the record.
Submit order.