Richard E. MOORE and Maria L. Moore, etc., et al., Plaintiffs-Appellants,

v.

GREAT WESTERN SAVINGS AND LOAN ASSOCIATION, Defendant-Appellee.

No. 73–1226.

United States Court of Appeals, Ninth Circuit.

March 28, 1975.

Richard W. Petherbridge, Santa Ana, Cal., for plaintiffs-appellants.

O'Melveny & Myers, Los Angeles, Cal., for defendant-appellee.

## OPINION

Before CARTER and WRIGHT, Circuit Judges, and EAST,* District Judge.

* Senior District Judge, of the District of Oregon.

EUGENE A. WRIGHT, Circuit Judge:

This is an appeal from a summary judgment granted to defendant Great Western in an action brought for damages under the Truth in Lending Act, 15 U.S.C. § 1639(a) et seq. We affirm.

When the plaintiffs financed their home with a first mortgage loan from Great Western and, as part of the financing agreement, $123 was withheld from the amount of the loan as an impound to pay insurance and taxes on the property, the borrowers were also required to place 1/12 of the annual taxes and insurance premiums in an impound account each month. These funds were deposited to an account which paid no interest to plaintiffs, although Great Western invested them and obtained a return of approximately 4.84% on the average balance.

Plaintiffs alleged that the bank failed to disclose that it earned interest on these funds and that they were correspondingly denied the interest actually accrued. They sued for themselves and for all others similarly situated. Although the defendants moved to deny class standing, the court had not reached this issue when it dismissed on the merits.

The Moores conceded that the difference in the cost of the loan resulting from the failure to report the denial of such interest to the borrowers was too small to require the rate of the loan to be raised from the reported 7.25% to 7.5%.[1] They also conceded that the total amount of the finance charge did not have to be reported since the loan was secured by a first mortgage on a dwelling and was used to purchase it. 12 C.F.R. § 226.8(d)(3).

They argued, however, that the interest on the impounds constituted a "finance charge separately paid" and that it should have been reported under 12 C.F.R. § 226.8(e):

The following amounts shall be disclosed . . . : (1) Any finance

---

1. Interest on such loans must be rounded to the nearest quarter point, 12 C.F.R. § 226.5.

charge paid separately, in cash or otherwise, directly or indirectly, to the creditor or with the creditor's knowledge to another person, or withheld by the creditor from the proceeds of the credit extended.

Plaintiffs also argued that the impounds were "required deposit balances" which should have been disclosed under 12 C.F.R. § 226.8(e)(2):

Any deposit balance or any investment which the creditor requires the customer to make, maintain, or increase in a specified amount or proportion as a condition to the extension of credit except:

(i) An escrow account. . . .

Both parties moved for summary judgment. The court granted defendant's motion on the ground that the impounds in question were exempted from the reporting requirement under 12 C.F.R. § 226.8(e)(2)(i), *supra,* and under the section defining the finance charge, § 226.-4(e):

The following charges . . . shall not be included in the finance charge with respect to that transaction:

\* \* \* \* \* \*

(3) Amounts required to be placed or paid into an escrow or trustee account for future payments of taxes, insurance, and water, sewer, and land rents.

■ The court's ruling was proper. Interest earned on impound accounts are exempted from reporting requirements as "escrow or trustee" accounts.

Every court which has considered the issue has held that interest earned on such accounts is exempted from reporting requirements. Stavrides v. Mellon National Bank and Trust Co., 487 F.2d 953 (3rd Cir. 1973); Umdenstock v. American Mortgage & Investment Co. of Oklahoma City, 495 F.2d 589 (10th Cir. 1974); Foster v. Maryland State Savings and Loan Ass'n, 369 F.Supp. 843 (D.D.C. 1974); Kinee v. Abraham Lincoln Federal Savings and Loan Ass'n, 365 F.Supp. 975 (E.D.Pa.1973); Munn v. American General Investment Corp., 364 F.Supp. 110 (S.D.Tex.1973); Graybeal v. Ameri-can Savings and Loan Ass'n, 59 F.R.D. 7 (D.D.C.1973); Buchanan v. Brentwood Federal Savings and Loan, 457 Pa. 135, 320 A.2d 117 (1974).

Moreover, the Federal Reserve Board has consistently held that such impound deposits and interest earned on them fall within the escrow exemptions. *E. g.,* Public Information Letter, dated July 15, 1971, 4 CCH Consumer Credit Guide ¶ 30,707, Public Information Letter, dated May 25, 1973, 4 CCH Consumer Credit Guide ¶ 30,980.

■ In determining the propriety of such a ruling, "we must be mindful that 'the construction of a statute by those charged with its execution should be followed unless there are compelling indications that it is wrong. . . .' Red Lion Broadcasting Co. v. FCC, 395 U.S. 367, 381, 89 S.Ct. 1794, 1802, 23 L.Ed.2d 371 (1969)." New York Department of Social Services v. Dublino, 413 U.S. 405, 421, 93 S.Ct. 2507, 2516, 37 L.Ed.2d 688 (1973).

There are compelling indications that the Federal Reserve Board is correct in its interpretation. The Truth in Lending Act, 15 U.S.C. § 1605(e)(3) exempted funds held in escrow from the reporting requirements. It seems clear that these impounds for payment of taxes and insurance are covered within this exemption as the Federal Reserve has ruled.

■ Under the regulations promulgated by the Board, the impounds or interest thereon cannot be construed as a "finance charge paid separately" under § 226.8(e)(1) since these escrow funds are excluded from the finance charge, 15 U.S.C. § 1605(e)(3) and 12 C.F.R. § 226.-4(e)(3). This can also be seen by examining footnote 3 to § 226.8(e)(1):

Finance charges deducted or excluded as provided by this paragraph shall, nevertheless, be included in determining the finance charge under § 226.4.

The only way to harmonize these sections is to accept their plain meaning and conclude that such escrow payments and their investment value are not to be construed as "finance charges paid separately."

Similarly, these impounds cannot be "deposit balances" to be reported under 12 C.F.R. § 226.8(e)(2) and (d)(2) since these are clearly exempted under § 226.8(e)(2)(i), *supra.*

Although plaintiffs did not raise this issue in the district court, on appeal they argued that the lost interest on initial impound was a "cost of credit" not included in the finance charge, 15 U.S.C. § 1639(a)(2). This theory is not properly before us and it also lacks merit.

The applicable regulation is 12 C.F.R. § 226.8(d):

> . . . the following items . . . shall be disclosed: (1) The amount of credit, *excluding items set forth in paragraph (e) of this section,* which will be paid to the customer . . . including all charges, individually itemized, which are included in the amount of credit extended but which are not part of the finance charge
> . . . .

(Emphasis added.)

Since subsection (e) provides an exemption for escrow funds, § 226.-8(e)(2)(i), the interest earned on the initial impound of $123 need not have been reported.[2]

Plaintiffs argue that the impounds in question cannot be "escrows" within the meaning of the statute's exemption since they purportedly do not meet the requirements for escrow under California law, Cal.Fin.Code § 17409. *But see,* Cal. Fin.Code § 17006.

California law is inapposite in the interpretation of the Truth in Lending Act. At most this argument raises the possibility of a state claim for constructive trust. *E. g., Buchanan,* 457 Pa. at 144, 320 A.2d at 123.

Similarly, plaintiffs argue that the FHA forbids investment of funds held in

escrow and argue that some of the persons in the class they claim to represent had loans regulated by the FHA requirement. *See, e. g.,* Liberty National Life Insurance Co. v. United States, 463 F.2d 1027, 1030 n. 6 (5th Cir. 1972). Again, this does not detract from the fact that the impounds in question are escrows within the meaning of the Truth in Lending Act.

The judgment of the district court is affirmed.

---

2. The disallowance of such interest in computing the finance charge is also supported by the fact that the Board prohibits lenders from deducting interest actually earned on funds required to be deposited with the lender from the finance charge, 12 C.F.R. § 226.4(f). Since interest which is actually earned by the borrower cannot be deducted from such charges, it is only proper to exclude the opportunity cost of funds invested with the lender at no interest in computing the same charges. *See* Public Information Letter of May 25, 1973, *supra.*