**OMNI INVESTMENT CORPORATION,
Plaintiff-Appellant,**

v.

**CORDON INTERNATIONAL CORPORA-
TION, Anchorage Helicopter Service,
Inc., and Utility Helicopters, Inc., De-
fendants-Appellees.**

**No. 77–2404.**

United States Court of Appeals,
Ninth Circuit.

Aug. 23, 1979.

---

82

Ralph B. Perry, III, Grossman, Graven, Perry, Los Angeles, Cal., for plaintiff-appellant.

Robert A. Brunette, La Canada, Cal., for defendants-appellees.

Before CARTER and WRIGHT, Circuit Judges, and CRAIG, District Judge.[*]

EUGENE A. WRIGHT, Circuit Judge:

The district court specifically enforced a pretrial settlement agreement between Omni Investment Corporation (Omni) and three affiliated parties, Cordon International Corporation, Anchorage Helicopter Service, Inc., and Utility Helicopters, Inc. (collectively called Cordon), and dismissed with prejudice Omni's breach of contract action.

On appeal, Omni alleges that the agreement was invalid as an arrogation of the judicial function. It argues also that the agreement was impossible to perform and should not be enforced because of the failure of a condition precedent. Further, it asserts specific enforcement would result in an unconscionable forfeiture and that the court erred in failing to consider newly discovered evidence. We affirm.

Cordon entered into a 30-day aircraft brokerage agreement with Omni for the sale of a Cessna Citation jet aircraft. Omni allegedly found a ready, willing, and able buyer, but the plane was sold to another. It now seeks the stipulated 5% sales commission of $32,000.

Cordon denies liability under the brokerage agreement, asserting that the buyer's offer was merely conditional, partly dependent on demonstration of the aircraft at Cordon's expense, and that Omni had specifically refused to waive those conditions and to guarantee $8,000 in demonstration flight expenses. Omni counters that Cordon's senior vice president, Robert Victor, agreed to demonstrate the plane for a $2,500 guarantee but then failed to do so. The discussion about the demonstration expenses occurred in a telephone conversation between Victor, another Cordon employee, John Barkman, and Omni's senior vice president, James Burgoon.

On the day of trial, the parties entered into an oral settlement agreement, which was reduced to writing by Omni and signed by Cordon the following day. It provided that

the obligation of the Cordon Companies to pay the full amount of Omni's claim of $32,000 would rest on the veracity of Mr. James Burgoon as determined by qualified polygraph examiners. If Mr. Burgoon is determined to be truthful, $32,-000.00 will be paid within 10 days, and if not paid, judgment will be entered against the Cordon Companies in that amount. If it is determined that Mr.

* Of the District of Arizona.

Burgoon is not truthful, we will dismiss our case against the Cordon Companies. Payment or nonpayment depends exclusively on Mr. Burgoon not having lied as to issues in the case; it does not depend on the actual legal issues and evidence in the case.

The parties agreed to have Jerry Wohl, an experienced polygrapher, conduct the examination and stipulated that "preliminary questions or other supplementary questions shall be those Mr. Wohl in his professional discretion chooses to ask." A crucial area for examination was the conflict in testimony regarding the demonstration flight expenses guarantee.

As part of the test, Wohl reviewed with Burgoon the questions he intended to ask. Two questions are relevant here:

"1. Did you lie in that deposition concerning Victor agreeing to that final negotiated $2,500 demo fee?

2. Was Victor's final negotiated offer to Omni on February 28th that Omni guarantee that $8,000?"

Burgoon refused to answer the second question. In explanation, he said it was his understanding all questions would be prefaced by the words: "Did you lie when you stated in your deposition  .  .  .."

Wohl advised Burgoon that, in light of his deposition testimony asserting Victor agreed to demonstrate the plane for a $2,500 guarantee, it was essential to establish whether Victor's final offer was instead for an $8,000 guarantee. Further, it would be impossible to tie an appropriate question directly to his deposition because there was no mention in it of a proposed $8,000 fee.

After this explanation, Burgoon stated he was now uncertain what demonstration fee he and Victor had finally arranged. Because a polygraph machine cannot distinguish between the physiological effects of uncertainty and deception, Wohl said he could not continue with the examination. He suggested the parties seek a determination from the district court as to the effect of Burgoon's refusal to answer the question and his changed position regarding the telephone conversation.

In its findings of fact, the district court stated: "The undisputed facts  .  .  . reveal that Burgoon wrongfully aborted [the] polygraph examination, thereby preventing its completion." In granting Cordon summary judgment, it concluded Burgoon's actions amounted to a material breach of the settlement agreement and "excus[ed] any and all conditions precedent of OMNI's liability." It granted specific performance of the agreement and dismissed Omni's claim with prejudice.

## ARROGATION OF THE JUDICIAL FUNCTION.

Omni's argument that the agreement between it and Cordon was an arrogation of the judicial function is unpersuasive. The cases it cites, *Conwell v. Varain*, 20 Cal.App. 521, 130 P. 23 (1912); *Berry v. Chaplin*, 74 Cal.App.2d 652, 169 P.2d 442 (1946); and *Robinson v. Wilson*, 44 Cal.App.3d 92, 118 Cal.Rptr. 569 (1974), deal with stipulations between the parties to limit the evidence the court could consider in ruling on the merits.

Here, the parties agreed that the outcome of the lawsuit would "not depend on the actual legal issues and evidence in the case." Their agreement to resolve the dispute on the basis of a polygraph examination was not an attempt to limit the evidence presented to the court in a trial on the merits. Although the terms are unusual, the parties merely executed a routine out of court settlement agreement. The law in California and in this Circuit favors the settlement of litigation by such agreements. *E. g., Dacanay v. Mendoza*, 573 F.2d 1075 (9th Cir. 1978); *United States v. McInnes*, 556 F.2d 436 (9th Cir. 1977); *Stambaugh v. Superior Court of Sonoma County*, 62 Cal.App.3d 231, 132 Cal.Rptr. 843 (1976).

## IMPOSSIBILITY OF PERFORMANCE AND FAILURE OF A CONDITION PRECEDENT.

Omni argues that the agreement was impossible to perform because Burgoon could not take a polygraph test if he was uncer-

tain about the answers to the proposed questions. It asserts that without the results of the examination establishing whether he was truthful about the issues in the case, the condition precedent to its obligation to dismiss its claim against Cordon could not be fulfilled.

We disagree with Omni's characterization of the facts. The agreement indicates Wohl was not required to phrase his questions only in terms of Burgoon's deposition. The two questions at issue were entirely proper and apparently were anticipated by counsel for both sides.[1] We agree with the district court's finding that, by refusing to answer the question, "Burgoon wrongfully aborted [the] polygraph examination, thereby preventing its completion."

California law provides:

[A] person cannot avoid liability for the nonperformance of an obligation by placing such performance beyond his control by his own voluntary act. . . .

. . . " 'A party to a contract cannot take advantage of his own act or omission to escape liability thereon * * where he prevents a fulfillment of a condition precedent, or its performance by the adverse party, he cannot rely on such condition to defeat his liability.' "

. . . " 'One who makes impossible the performance or happening of the condition precedent upon which his liability by the terms of the contract is made to depend, cannot avail himself of its nonperformance.' "

The rule announced above has been uniformly followed in this state. . .
*Pacific Venture Corporation v. Huey*, 15 Cal.2d 711, 717, 104 P.2d 641, 644–45 (1940) (citations omitted).

■ The "impossibility" of performance alleged by Omni was not due to "an irresistible, superhuman cause" that would excuse performance under California law, *see* Cal.

Civ.Code § 1511(2), but rather to Burgoon's voluntary refusal to answer a question. His refusal constituted a breach of the settlement agreement and, because it prevented the continuance of the polygraph examination, excused the condition precedent to liability.

Moreover, even if Burgoon would not have breached the agreement, his subsequent statements to Wohl indicate Omni would have been liable. The agreement provided the outcome of the suit would depend upon whether Burgoon "is determined to be truthful," implying that his present belief would be measured against his deposition testimony to detect any inconsistency and, hence, untruthfulness.

In his deposition, Burgoon testified that he "vividly" and "specifically" remembered Victor agreeing to a $2,500 demonstration flight expenses guarantee. Yet he told Wohl he was no longer certain what the final arrangement with Victor had been.

The questions Wohl intended to ask Burgoon were phrased so that a negative answer should register a truthful response if Omni were to prevail. But as related by Wohl in his affidavit, undisputed by Omni, Burgoon "said that he ha[d] reflected on this since being advised of a pending polygraph test and [could] not now truthfully answer the two questions set forth above, negatively."

Omni agreed to the polygraph procedure, and may not now complain that the settlement agreement was impossible to perform because its agent "could not" answer a question when the reason for his "inability" to answer (his uncertainty) established his untruthfulness under the agreement.

Omni's other contentions are without merit. It suffered no unconscionable forfeiture, but rather experienced the contemplated result of the settlement agreement. The only "newly discovered evidence" it offered the district court was the statement

---

1. Counsel for Cordon asserted in an affidavit in support of the motion for summary judgment that, in a meeting with Wohl the day before the scheduled examination, two of a number of proposed questions, "drafted with the aid and assent of both counsel, parallel almost exactly those two final questions which Mr. Wohl states he advised Mr. Burgoon of during his pre-test examination on January 6, 1977. . . ."

of another polygrapher that he could administer a test despite Burgoon's uncertainty as to some of the facts. The parties agreed to accept Wohl as the polygrapher for the examination, and Omni may not use Burgoon's wrongful refusal to answer a question as grounds to substitute a "newly discovered" polygrapher.

AFFIRMED.