**ALEXANDER SUBERO and JOYCE SUBERO, Plaintiffs**

**v.**

**HESS OIL VIRGIN ISLANDS CORP., Defendant/Third-Party Plaintiff**

**v.**

**RIGGERS & ERECTORS INTERNATIONAL, INC., Third-Party Defendant**

Civil No. 1980/273

District Court of the Virgin Islands

Div. of St. Croix

June 3, 1981

ALBERT SHEEN, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

JOHN LENAHAN, ESQ., Christiansted, St. Croix, V.I., *for defendant/ third-party plaintiff*

DAVID V. O'BRIEN, ESQ., Christiansted, St. Croix, V.I., *for third-party defendant*

SILVERLIGHT, *Judge, Sitting By Designation*

## MEMORANDUM

This matter is before the court on the motion of plaintiff's attorney for the appointment of a guardian ad litem for one of the plaintiffs herein. The motion will be denied.

Plaintiff's counsel has submitted an affidavit containing hearsay statements alleging that Alexander Subero is presently in poor mental health. Counsel has submitted a draft order proposing the appointment of one Hortense Rowe as guardian ad litem for Mr. Subero. The proposed order would empower Mrs. Rowe to give or

withhold consent and execute any necessary releases for Mr. Subero. Counsel has submitted Mrs. Rowe's consent to serve as guardian ad litem. It appears to the court that counsel asks for too much in the way of powers and provides too little in the way of due process.

A guardian ad litem has no power to bind an incompetent to admissions of fact or otherwise surrender rights by stipulation or waiver. The guardian ad litem is merely an officer of the court and any settlement negotiated by him is merely a proposed settlement, pending the court's independent assessment and approval. See Dacanay v. Mendoza, 573 F.2d 1075 (9th Cir. 1978). The court cannot appoint a guardian ad litem with the unchecked power to settle a case.

The powers sought for Mrs. Rowe are more akin to those of a general guardian for an insane person. Such powers cannot be granted without a hearing to determine whether the person in question is incapable of taking care of himself. 15 V.I.C. § 842. Indeed, even were counsel only seeking the appointment of an unenhanced guardian ad litem, the circumstances before the court still create due process problems. An affidavit consisting of hearsay is hardly the basis for any judicial act, let alone an act which deprives a person of control over his own affairs. When the court appoints a guardian ad litem, it indirectly endorses the appointee as fit for the job. The court cannot make this determination of fitness with only the name and consent of the proposed guardian before it.[1] Finally, when the need for the proposed guardian ad litem is premised on incompetence, due process may require that the person in question be given an opportunity to be heard on the issue of his or her capacity.

Counsel's motion will be denied.

## ORDER

The premises considered and the court being informed,

IT IS ORDERED that the motion for appointment of a guardian ad litem for plaintiff Alexander Subero be, and hereby is, denied.

---

[1] Although the court, by chance, knows the proposed guardian ad litem well and has no doubt as to her fitness, this statement is generally applicable.