**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSE ROBIDOUX; et al., | No. 09-16674 |
| Plaintiffs - Appellants, | D.C. No. 2:06-cv-02334-LKK-DAD |
| v. | |
| BRIAN ROSENGREN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted November 5, 2010
San Francisco, California

Before: NOONAN, PAEZ, and BEA, Circuit Judges.

Plaintiffs—including minors and their guardians *ad litem*—appeal the

district court's denial, in part, of their motion to approve a proposed settlement of

Plaintiffs' housing discrimination claims against their former landlords

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

("Defendants"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

In 2006, Plaintiffs brought suit in federal district court against Defendants for alleged violations of the Fair Housing Act (42 U.S.C. § 3601 *et seq.*), the California Fair Housing and Employment Act, and other state tort claims. In 2008, the parties filed a notice of settlement and moved the district court for approval of the compromise. Under the proposed settlement agreement, Defendants agreed to pay Plaintiffs a total of $240,000 in damages, attorney's fees, and costs, to be allocated as follows:

* $135,000 to Plaintiffs' Counsel Stuart Fagan (56.2%)

* $35,000 to Robidoux Family (14.6%)
   - $2,500 to minor Jesse Robidoux Jr.
   - $10,833.33 to minor Randy Robidoux
   - $10,833.33 to adult Regina Robidoux
   - $10,833.33 to adult Jesse Robidoux

* $35,000 to Lingenfelter Family (14.6%)
   - $2,500 to minor Michael Burk
   - $10,833.34 to minor Hanna Burk
   - $21,666.66 to adult Lorena Lingenfelter

* $35,000 to adult Shaun Johnson (14.6%)

The district court, exercising its special duty to protect the interests of litigants who are minors, rejected the proposed settlement because it found the

2

designation of 56% of the total settlement value to Plaintiffs' counsel "excessive" and "unreasonable." The court then awarded Plaintiffs' counsel $77,166.42 in fees and $8,500.73 in costs.

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. *See Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978). This special duty requires district courts to determine whether a proposed settlement of minors' claims is fair and reasonable to the minor plaintiffs. However, that special duty does not extend to adult co-plaintiffs in the action. *Id*. at 1078 (holding that it is "well settled in the usual litigation context that courts have inherent power summarily to enforce a settlement agreement" where the parties are not a protected class of litigants such as minors or class-action plaintiffs).

Therefore, in deciding a motion to approve a proposed settlement of minors' claims, the district court need determine only whether the net amount distributed to minor plaintiffs in the settlement is fair and reasonable. Here, the district court should have evaluated the fairness of the minor plaintiffs' net recovery in isolation, without regard to the proportion of the total settlement value designated for the adult co-plaintiffs or plaintiffs' counsel. If the net recovery of the minor plaintiffs

3

under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented.

We therefore reverse and remand with instructions for the district court to determine whether the net recovery of the four minor plaintiffs under the proposed settlement is fair and reasonable as to each minor plaintiff.


**REVERSED AND REMANDED.**