**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

DEC 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YELP INC., | No. 18-15948 |
| Plaintiff-Appellee, | D.C. No. 5:15-cv-00693-PSG |
| v. | |
| EDWARD JAMES HERZSTOCK, DBA Revleap Corp., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted December 6, 2019
San Francisco, California

Before: GOULD and CALLAHAN, Circuit Judges, and BOUGH,** District Judge.

**I**

Edward James Herzstock appeals the district court's entrance of a Stipulated

Judgment in favor of Yelp Inc. (Yelp) after the district court found that Herzstock

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

breached the parties' Settlement Agreement.    We have jurisdiction under 28 U.S.C. 1291.  Because Herzstock waived his right to appeal, we affirm.

The parties agreed to a Settlement Agreement, which stated that Yelp could move the district court to enter the Stipulated Judgment if Herzstock breached the Agreement.  The Stipulated Judgment included a complete appellate waiver, in which Herzstock agreed to "waive all rights to seek judicial review or otherwise challenge or contest the validity of any Stipulated Judgment . . . if [Herzstock] breach[s] . . . the Agreement."

Yelp, believing Herzstock to have breached the Agreement, moved the district court to enter the Stipulated Judgment, and the district court did so after finding that Herzstock breached the Agreement.  On appeal, Herzstock argues that the appellate waiver does not bar his appeal because he did not breach the Agreement and then argues that the district court abused its discretion in not holding an evidentiary hearing to determine whether he breached the Agreement.

## II

Holding that Herzstock's appellate waiver is effective, we affirm.  A district court has the power to summarily enforce a settlement agreement.  *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978).  Also, a party generally cannot appeal from a stipulated judgment.  *U.A. Local 342 Apprenticeship & Training Tr. v. Babcock & Wilcox Const. Co.*, 396 F.3d 1056, 1058 (9th Cir. 2005); *Slaven v. Am.*

2

*Trading Transp. Co., Inc.*, 146 F.3d 1066, 1070 (9th Cir. 1998).

A party can, exceptionally, appeal from a stipulated judgment if the party claims a lack of consent to the judgment, preserves their right to appeal, or claims a lack of subject-matter jurisdiction. *United States v. Bechtel Corp.*, 648 F.2d 660, 663 (9th Cir. 1981). When a stipulated judgment is clear on its face and consent is clear from the record, a court "always affirm[s]." *Swift & Co. v. United States*, 276 U.S. 311, 324 (1928).

Here, none of the exceptions to the general rule applies. Nothing in the record demonstrates a lack of consent to the terms of the Agreement or Stipulated Judgment. Herzstock did not preserve his right to appeal and he does not claim that the district court lacked subject-matter jurisdiction. On their faces, the documents show that Herzstock waived his right to appeal from the judgment. Consequently, we are bound to affirm.

### III

Alternatively, we hold that Herzstock waived the argument that the district court should have held an evidentiary hearing by not raising it below. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). None of the exceptions to the general argument-waiver rule applies here. *See United States v. Patrin*, 575 F.2d 708, 712 (9th Cir. 1978).

**AFFIRMED.**