■ BARBARA LEE, an Infant, by GIM T. LEE, Her Guardian ad Litem, et al., Appellants, v. HENRY J. GUCKER, Respondent.— Order, entered on June 23, 1966, in accordance with the direction contained in the trial court's opinion-decision of April 20, 1959 (reported at 16 Misc 2d 346, 349), that "these actions [infant's negligence action and father's cause of action for resulting medical expenses] be compromised," unanimously reversed, on the law, on the facts and in the exercise of discretion, and order vacated, without costs or disbursements to any party. The record is insufficient to permit an informed conclusion concerning the wisdom of the decision below. This is especially so in view of the father-guardian ad litem's adamant refusal to accept the settlement offered, and his insistence upon the right to go to trial. There is no doubt that the actions of the court below were dictated by a deep concern for the welfare of the infant plaintiff and it is to be commended for its sincere efforts on the infant's behalf. In light of the foregoing the appeal from order entered on December 1, 1965, denying reconsideration of the April 20, 1959 decision, is dismissed as academic, without costs or disbursements. Concur — Stevens, J. P., Capozzoli, Tilzer, Rabin and Bastow, JJ.

■ MAX W. GOLDBERG, Respondent, v. NEIGHBORHOOD FINANCE CO., INC., et al., Defendants, and NEIGHBORHOOD MANAGEMENT CORP. et al., Appellants.— Order entered on or about April 14, 1966 unanimously modified, on the law, to the extent of dismissing the fifth cause of action in the complaint, and as so modified, affirmed, without costs or disbursements. The fifth cause alleges in conclusory fashion that the several defendants entered into a conspiracy or supported the conspiracy with resulting damage to plaintiff. This was legally insufficient as there is no substantive tort of conspiracy. (*Goldstein* v. *Siegel*, 19 A D 2d 489, 492, 493.) Concur — Botein, P. J., Steuer, McNally and Bastow, JJ.