■ EMMA SMITH, as Administratrix of the Estate of JOAN K. SMITH, Deceased, Appellant, v. FORD MOTOR COMPANY et al., Respondents, et al., Defendants. In the Matter of EMMA SMITH, as Administratrix of the Estate of JOAN K. SMITH, Deceased, et al., Petitioners, v. VITO TITONE, as a Justice of the Supreme Court of the State of New York, County of Kings, Respondent.— In an action to recover damages for wrongful death and conscious pain and suffering, plaintiff appeals from two orders of the Supreme Court, Kings County, the first dated October 29, 1971, which removed her as guardian of her five infant grandchildren (children of plaintiff's intestate) and appointed Robert J. De Bois-siere, Esq., as such guardian of the infants, and the second dated November 5, 1971, which, on the new guardian's report, containing a recommendation, directed acceptance by plaintiff of an offer of $150,000 in settlement of the action. On its own motion, the trial court stayed both orders, pending determination of a proceeding under article 78 of the CPLR by plaintiff and her attorney in this court to prohibit the trial court from removing plaintiff as guardian, in which proceeding plaintiff's attorney also moved to compel the trial court to proceed with the trial of the action and to stay the removal of plaintiff as guardian, and in which the trial court cross-moved to dismiss the petition. By order of this court dated November 8, 1971, the article 78 proceeding was held in abeyance and prompt perfection and argument of the appeals from the trial court's two above-mentioned orders, on the original papers, was directed. Orders of October 29, 1971 and November 5, 1971 reversed, on the law and in the exercise of discretion, without costs; in accordance, the appointment of Robert J. De Boissiere, Esq., as guardian, is vacated and the direction that the settlement offer be accepted is vacated; plaintiff is reinstated as guardian of her infant grandchildren; and the issue of damages is remanded for a trial, *de novo*, before a different Justice and jury, subject to the direction of the Justice presiding in the calendar part. The article 78 proceeding in this court and the motions in said proceeding are dismissed as moot, without costs. Assuming, without deciding, that the trial court had the power to remove the infants' guardian and replace her with a guardian of his own choice, on this record it was an abuse of discretion to do so. We further believe that the trial court lacked power to compel acceptance of the settlement offer over the objections of the administratrix and her attorney; and, moreover, on this record it was an abuse of discretion to do so. In view of this determination, the article 78 proceeding in this court and the motions in that proceeding are moot. Rabin, P. J., Hopkins, Martuscello, Latham and Gulotta, JJ., concur.