■ ROBERT COHEN et al., Appellants, v ROBERT J. REED et al., Respondents.—In an action, inter alia, to recover damages for diversion of partnership assets, the plaintiffs appeal from (1) an order of the Surrogate's Court, Nassau County (Radigan,

S.), dated July 23, 1984, which denied their motion for a new trial, (2) a decree of the same court, dated November 27, 1984, which approved a settlement with respect to 16 of the 17 causes of action in the complaint, and provided that the trial on the seventeenth cause of action shall resume.

Order and decree affirmed.

One bill of costs is awarded to the respondents Feinerman, Jasdane, Inc., Reed, Hackell, Citibank, Potter, Werner, Dadgab, Inc., Brimsco, Inc., Simon Cohen Real Estate Co., Aljer Realty Co., Soto, Wilschek, J.S.K. Cleaning Services, Inc., Katz and Volume Feeding, Inc., appearing separately and filing separate briefs.

The Surrogate is directed to resume the trial on the seventeenth cause of action with all convenient speed.

The instant action was commenced by the decedent Simon Cohen's son individually and as a general and limited partner, on behalf of various partnerships. The complaint essentially alleges that the decedent conspired with the individual defendants to divert assets from the partnerships, perpetrate a fraud on the partners and waste and mismanage partnership assets. In addition, the complaint charges the executors of the decedents' estate with covering up these alleged wrongdoings. The action, originally brought in the Supreme Court, Nassau County, was transferred to the Surrogate's Court, Nassau County, by order entered December 1, 1971. After a lengthy discovery period, then Surrogate Bennett, in an order dated January 11, 1980, dismissed the first and third causes of action on the ground that they were barred by the Statute of Limitations.

A trial commenced before then Referee Radigan in March of 1980 and continued until October of the following year, at which time, although the plaintiffs had not finished presenting their direct case, it was adjourned without a date for resumption. Prior to the adjournment, the plaintiffs moved, *inter alia,* for leave to substitute another attorney for the attorney of record. That branch of the plaintiffs' motion which sought the substitution was granted by order dated March 9, 1983.

In the meantime, settlement negotiations were taking place, and, in October of 1982, the plaintiffs submitted a proposed settlement to Surrogate Radigan. The defendants responded by submitting a counterproposal. At a subsequent conference, the court informed the parties that it intended to send out a notice of settlement offer to the partners, incorporating therein the terms of the counterproposal. The notice was

dated January 13, 1983, and provided for responses to be sent to the court.

In its decision dated April 6, 1983, the court analyzed the responses received from the partners, most of which were favorable, and ordered a hearing to give any objectors an opportunity to show cause why the proposed settlement should not be approved. The only partner to appear at the hearing was the plaintiff Robert Cohen, who opposed the settlement proposal. Three conditions, proposed by various partners in response to the notice of settlement offer, were added to the settlement proposal with the defendants' consent, and the amended proposal was approved by the court in its decision dated April 27, 1984. The plaintiffs then moved for a new trial on the 16 causes of action asserted on behalf of the partnerships, as well as on the seventeenth cause of action, which the plaintiff Robert Cohen asserted individually, on the basis that the inordinate delay in resumption of the trial had prejudiced his due process rights. The court denied that motion by order dated July 23, 1984, holding that the issue was rendered moot by the court's approval of the settlement agreement. A settlement decree incorporating the proposal was issued on November 27, 1984. The plaintiffs appeal from both the decree and the order denying the motion for a new trial, and we affirm.

This action was brought under Partnership Law § 115-a, and thus could not be compromised or settled without the court's approval (Partnership Law § 115-a [4]). The plaintiffs contend that the court exceeded its authority in considering for its approval a proposal which was not actually the result of negotiations between the parties, but was an offer by the defendants. While the "power to approve a settlement does not translate into a power to dictate the terms of settlement (*Lee v Gucker,* 27 AD2d 722; *Smith v Ford Motor Co.,* 38 AD2d 852)" (*Sutherland v City of New York,* 107 AD2d 568, 569, *affd* 66 NY2d 800), where it is apparent that no meaningful settlement negotiations are being conducted, due in large part to the representative plaintiff's unwillingness to make certain concessions, and the court receives a settlement proposal it considers to be adequate, the court is not without authority to present the offer to the class of people being represented for their approval or disapproval, provided the notice sent to the class is fair and impartial, and does not indicate the court's views on the proposal. If the responses received from the members of that class are sufficiently favorable, the court may then consider the proposal for its approval, and hold a hearing

on the fairness, reasonableness and adequacy of the same. In this case, this procedure was followed. Upon receipt of what it evidently considered to be an adequate compromise, the court transmitted the offer to the partners, i.e., the members of the class being represented by the plaintiffs, for their approval. The court did not consider the offer as an agreement submitted for its approval until after it received favorable responses from a majority of the parties involved. In light of the indications in the record that the plaintiffs had some sort of personal stake in the outcome of the litigation that went beyond the representation of the partnerships, the Surrogate did not err in submitting the defendants' proposal to the partners over the plaintiffs' objection.

A review of the record reveals that the Surrogate was fully aware of the proper standards to be applied in evaluating a settlement, that he applied those standards in approving the settlement, and that he entertained no improper considerations. As it cannot be said that his decision to approve the settlement was a clear abuse of discretion, that decision will not be overturned on these appeals (see, *Officers for Justice v Civil Serv. Commn.*, 688 F2d 615, *cert denied sub nom. Byrd v Civil Serv. Commn.*, 459 US 1217; *Cotton v Hinton*, 559 F2d 1326; *City of Detroit v Grinnell Corp.*, 495 F2d 448).

Since the Surrogate properly approved the settlement agreement, his denial of the plaintiffs' motion for a new trial on the causes of action which were settled and discontinued by the settlement decree was not improper. However the trial, adjourned sine die in October of 1982, should be resumed with all convenient speed insofar as it relates to the cause of action asserted by the plaintiff Robert Cohen individually.

In light of the foregoing we need not reach the other issues raised by the plaintiffs, *inter alia,* with respect to the reviewability of the dismissal of the third cause of action. We have considered the plaintiffs' remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Niehoff and Rubin, JJ., concur.