(No. 38599.—

Marion Vece, Appellant, *vs.* Carl De Biase, Exr., *et al.,* Appellees.

*Opinion filed November 24, 1964.*

RAYMOND L. JONES, of Chicago, (JOHN R. JEFFERS, of counsel,) for appellant.

ARTHUR ABRAHAM, and GOLDBERG AND GOLDBERG, both of Chicago, for appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

The Appellate Court reversed an order of the circuit court of Cook County giving plaintiff Marion Vece judgment against defendants Nixon for $10,000. This judgment had been based upon an oral agreement for settlement of plaintiff's suit to contest the will of John MacKenzie of which the Nixons were principal beneficiaries. Plaintiff's petition for leave to appeal the Appellate Court decision was denied, and this appeal as of right is predicated upon the alleged existence of a constitutional question initially arising from the action of the Appellate Court.

While not undisputed, it seems reasonably clear that counsel for plaintiff and counsel for defendants had agreed upon the settlement, payable only from the Nixons' distributive share of the estate. An impending tax claim substantially reducing the distributive share anticipated by the Nixons caused them to attempt to withdraw from the settlement. Thereupon, plaintiff filed, in the will contest proceedings to which the executor was a party, a petition seeking judgment against the Nixons, and the circuit court entered the following order thereon:

"It is Therefore Ordered, Adjudged and Decreed as follows:

"1. That plaintiff, Marion Vece, have and recover against defendants Homer A. Nixon and Mary E. Nixon judgment in the sum of $10,000.00, together with her costs herein, payable only from their distributive share or shares of the proceeds of the estate of John MacKenzie, deceased, now pending in the Probate Court of Cook County, Illinois, in the cause entitled: 'In the Matter of the

Estate of John MacKenzie, Deceased', identified by File No. 60 P 6704, Docket 619, Page 109, and that plaintiff have execution therefor against said distributive share or shares.

"2. That defendant Carl De Biase, executor under the Will of John MacKenzie, deceased, upon making distribution of the proceeds of the said estate of John MacKenzie, deceased, shall pay to plaintiff Marion Vece the sum of $10,000.00 from the distributive share or shares of defendants Homer A. Nixon and Mary E. Nixon, in satisfaction of the judgment entered herein against said defendants."

The only party to appeal from this decree was the executor, Carl De Biase, who filed notice of appeal from the entire order. The Appellate Court decision found the settlement negotiations were not binding upon the Nixons, and reversed the judgment.

The plaintiff maintains the executor had no appealable interest in the judgment, and that the Appellate Court in depriving plaintiff of her judgment against defendants, from which neither she nor the Nixons appealed, acted without jurisdiction, thereby depriving plaintiff of constitutional due process and denying her the equal protection of the law in violation of both the State and Federal constitutions.

Resolution of this question requires a determination of the right of the executor to appeal and the extent of the jurisdiction thus conferred upon the Appellate Court.

The original appeal to the Appellate Court was governed by the provisions of section 74 of the Civil Practice Act (Ill. Rev. Stat. 1963, chap. 110, par. 74,) which does not specify those to whom the right of appeal is given. Prior decisions have established the right of parties to the record to appeal if they considered themselves aggrieved by the judgment and that whether they were actually so aggrieved had no bearing upon their right to appeal. (*Har-*

*rison* v. *Kamp,* 395 Ill. 11, 18.) It is only where the appealing party is one not of record that he must establish his interest in the proceeding as a prerequisite to appeal. *Nott* v. *Wolff,* 18 Ill.2d 362, 366.

Counsel for the executor argues that the judgment is a claim against the estate which he has both a duty and an absolute right to appeal. In this he is mistaken since the judgment was against the Nixons and not the estate, and was payable solely from such share of the estate as might ultimately be found to be distributable to them. However, the executor was a necessary party to the will contest; the petition upon which the judgment was based was filed in connection with the will contest proceedings and not as a separate suit. The executor must therefore be considered a party to this record and the judgment does, in fact, impose an additional duty upon him of a minimal nature since he is ordered to make payment of $10,000 to plaintiff from the share of the estate otherwise distributable to the Nixons. He could, therefore, properly appeal, and his action in so doing by a notice of appeal which embraced the entire judgment order was sufficient to confer jurisdiction of the subject matter upon the Appellate Court. Jurisdiction of the person having been secured by service of the notice of appeal upon plaintiff, we necessarily conclude that the Appellate Court was invested with the power to hear and determine the case. Mistakes occurring in such consideration would, at most, constitute error, and we have repeatedly held this raises no constitutional problem. *Merlo* v. *Public Service Co. of Northern Illinois,* 381 Ill. 300, 309; *Maupin* v. *Maupin,* 403 Ill. 316, 319; *City of Chicago* v. *Shayne,* 27 Ill.2d 414, 419.

Since no constitutional question is presented we do not here consider the propriety of the Appellate Court's decision. There being no basis for our jurisdiction, the appeal is dismissed.

*Appeal dismissed.*