RICHARD LANE *et al.*, Plaintiffs, v. GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORPORATION, LTD., Defendant-Appellant (Travelers Indemnity Company of Illinois, Defendant-Appellee).

First District (1st Division) No. 86—1652

Opinion filed December 14, 1987.—Rehearing denied February 3, 1988.

Purcell & Wardrope, Chartered, of Chicago (Sandra Young and Edward Purcell, of counsel), for appellant.

Law Offices of Tyrrell & Flynn, of Chicago (Steven M. Gleason, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs, Richard and Jean Lane, filed a declaratory judgment action against the defendant insurance companies, Travelers Indemnity Company of Illinois (Travelers) and General Accident Fire & Life Assurance Corporation, Ltd. (General Accident), seeking to resolve insurance coverage questions in order to recover a default judgment entered in an underlying personal injury lawsuit. General Accident filed a motion for summary judgment against plaintiffs and Travelers. Travelers' brief on appeal states that it also filed a motion for summary judgment. The trial court entered an order denying the motion brought by General Accident and granting the motion of Travelers. General Accident appeals from the order granting summary judgment in favor of Travelers.

On January 20, 1979, the plaintiffs were involved in an automobile accident with a car which was driven by Leonard Haines. The accident caused substantial injuries to both plaintiffs. The plaintiffs' automobile was insured by General Accident under a policy which provided for uninsured motorist coverage. Later in 1979, the plaintiffs filed an action in negligence seeking recovery for their personal injuries against Leonard Haines and Automobile Marketing, Inc. (AMI). The complaint alleged that Haines was an employee, servant or agent of AMI. On the date of the accident, AMI was insured under a policy with Travelers. AMI retained counsel to defend the lawsuit and filed an answer denying liability and denying any employment or agency relationship with Leonard Haines. AMI made no insurance claim to Travelers. Travelers received notification of the

lawsuit from the plaintiffs' lawyers but denied coverage on the basis that the car being operated by Haines at the time of the accident was not a scheduled insured automobile under the provisions of their insurance policy with AMI.

In October 1983, the plaintiffs voluntarily dismissed their lawsuit. One week later, the plaintiffs filed an identical lawsuit against Haines and AMI. Service of summons was made on the defendants through the Secretary of State pursuant to section 10—301 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 10—301), which provides for service of process on a nonresident. Counsel for Travelers informed this court at oral argument that AMI has been out of business since 1981. No appearances were filed by either defendant and default judgments were entered in favor of Jean Lane for $32,470.47 and in favor of Richard Lane for $2,962.50. The plaintiffs' attorney notified Travelers of the default judgment by letter dated May 22, 1984. On March 5, 1985, the plaintiffs filed a declaratory judgment action to determine their rights under the insurance liability policy issued by Travelers to AMI and the coverage provisions of their own policy with General Accident. Both defendants filed an answer to the complaint, but neither defendant filed a counterclaim or cross-claim as provided by section 2—608 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—608.) Both defendants also filed motions for summary judgment. The trial court denied the motion brought by General Accident, finding plaintiffs had a valid uninsured motorist claim under its policy. The trial court granted the motion of Travelers, ruling there was no coverage under its policy.

■ At oral argument in this matter, this court, on its own motion, ordered the parties to submit supplemental memoranda concerning whether we have jurisdiction to entertain this appeal. We find that General Accident lacks standing to appeal the granting of summary judgment in favor of Travelers where the procedural positions of General Accident and Travelers in this litigation are not adverse.

■ Before considering the merits of an appeal, it is the duty of this court to consider whether it has jurisdiction to hear the appeal even though this issue was not raised by the parties. (*Guttman v. Schiller* (1963), 39 Ill. App. 2d 58, 187 N.E.2d 315; *O'Hara v. State Farm Mutual Automobile Insurance Co.* (1985), 137 Ill. App. 3d 131, 484 N.E.2d 834.) In *Montgomery v. Terminal R.R. Association* (1979), 73 Ill. App. 3d 650, 392 N.E.2d 77, this court held that a defendant had no standing to appeal judgment entered on a directed verdict in favor of a codefendant. See also *Tisoncik v. Szczepankiewicz* (1983), 113 Ill. App. 3d 240, 446 N.E.2d 1271.

■ In the case at bar, the trial court granted summary judgment in favor of Travelers and against General Accident. The only parties that had a right to appeal the summary judgment order in favor of Travelers would be the plaintiffs. As stated by the *Tisoncik* court:

> "As between codefendants, a judgment for or against one of them does nothing but establish their respective rights and liabilities toward the plaintiff, unless the issues between the codefendants were actively litigated in the action." (113 Ill. App. 3d at 244, 446 N.E.2d at 1274.)

General Accident is clearly not in the procedural posture for a constitutional right to appeal and this tribunal will not give advisory opinions on questions that are abstract and where no effectual relief can be granted. (*Himmel Corp. v. Stade* (1977), 52 Ill. App. 3d 294, 367 N.E.2d 411.) General Accident's and Travelers' adversaries in this declaratory judgment action are the plaintiffs. The plaintiffs have elected not to appeal the trial court's decision or to respond to General Accident's appeal. General Accident would have standing to appeal the judgment in favor of its codefendant Travelers only if there were a valid cross-claim pending. (See, *e.g.*, *Harris v. Algonquin Ready Mix, Inc.* (1974), 59 Ill. 2d 445, 322 N.E.2d 58; *Pell v. Victor J. Andrew High School* (1984), 123 Ill. App. 3d 423, 462 N.E.2d 858.) The fact that General Accident presented the position of the plaintiffs in opposing Travelers' motion for summary judgment does not, in our judgment, make General Accident's position adverse to Travelers' for purposes of this appeal.

Based on the foregoing, this appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

QUINLAN, P.J., and MANNING, J., concur.