ST. MARY OF NAZARETH HOSPITAL, Plaintiff-Appellee, v. JOHN KUC-
ZAJ, Defendant-Appellee (Lillian Kuczaj, Defendant-Appellant).

First District (1st Division)   No. 87—2484

Opinion filed August 22, 1988.

Stanley H. Jakala, of Berwyn, for appellant.

Erwin M. Pearl Associates, Ltd., of Chicago, for appellee John Kuczaj.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff St. Mary of Nazareth Hospital Center (the hospital) brought an action for hospital expenses in the amount of $4,979.80 against codefendants Lillian and John Kuczaj jointly under the family expense statute (Ill. Rev. Stat. 1987, ch. 40, par. 1015). Defendant John Kuczaj's motion for summary judgment was granted, and Lillian appealed from the order granting summary judgment in favor of her former husband. Plaintiff hospital is not a party to this appeal. We reverse.

Codefendants John and Lillian Kuczaj were married prior to August 23, 1982, at which time Lillian moved out of the family home. On August 29, 1982, Lillian filed a petition for dissolution of marriage on the basis of irreconcilable difference. Judgment in the dissolution

action was granted on June 3, 1985.

The judgment for dissolution of marriage provided for a bifurcated hearing on issues of property, maintenance and attorney fees. Paragraph 3 of the judgment provided that John Kuczaj was to maintain medical and hospital insurance covering Lillian Kuczaj until the final order was entered.

Prior to the entry of the final order and while the parties were living separately, Lillian Kuczaj was hospitalized at St. Mary of Nazareth Hospital Center on several occasions between September 18, 1984, and January 10, 1985. Without informing Lillian, John had changed hospital insurance companies. The new insurance carrier subsequently refused to pay the bill submitted by the hospital on the basis that it did not provide coverage for preexisting conditions.

A final order disposing of property and other pending matters was entered on July 18, 1986. The order provided that John Kuczaj was to pay the sum of $294 to St. Mary of Nazareth Hospital Center for certain medical bills that had been presented during the hearings in the trial court. At the time the instant action was initiated, that sum had not been paid as Lillian had appealed from the final order of distribution.[1]

On July 28, 1986, 10 days after the final order in the dissolution proceeding was entered, the hospital filed this action under the family expense statute (Ill. Rev. Stat. 1987, ch. 40, par. 1015) seeking judgment in the amount of $4,979.80 against both John and Lillian Kuczaj for the charges incurred between September 18, 1984, and January 10, 1985. John Kuczaj filed a motion for summary judgment which was granted on July 7, 1987, and Lillian appealed from the judgment in John's favor.

Before considering the merits of the instant appeal, we consider John Kuczaj's argument that this court lacks jurisdiction to hear this appeal as Lillian does not have standing to appeal from the summary judgment entered in his favor. Citing *Gordon v. Gordon* (1955), 6 Ill. 2d 572, 574, 129 N.E.2d 706, which held that the right to appeal exists only in favor of a party whose rights have been prejudiced by a judgment or decree appealed from, he argues that the judgment had an adverse effect only on the hospital and that, absent a pending counterclaim, Lillian had no right to appeal. We disagree.

■■ ■ Any party to the case may seek appellate review from a final judgment which is adverse to his interests, and whether the party

---

[1]That appeal was disposed of pursuant to Supreme Court Rule 23 (107 Ill. 2d R. 23) in an opinion issued March 10, 1988.

was actually aggrieved does not determine his right to appeal. (*Trompeter Construction Co. v. First Federal Savings & Loan Association* (1978), 62 Ill. App. 3d 173, 175-76, 379 N.E.2d 298, *appeal denied* (1978), 71 Ill. 2d 622.) Even nonparties have standing to appeal provided they have a direct, immediate and substantial interest in the subject matter of the litigation which would be prejudiced by the judgment or benefit by its reversal. See, *e.g.*, *In re Estate of Dawson* (1988), 168 Ill. App. 3d 391, 396, 522 N.E.2d 770.

Although the general rule in Illinois is that the only party who may appeal from a judgment in favor of a codefendant is the plaintiff (*Tisoncik v. Szczepankiewicz* (1983), 113 Ill. App. 3d 240, 244, 466 N.E.2d 1271; *Montgomery v. Terminal R.R. Association* (1979), 73 Ill. App. 3d 650, 655, 392 N.E.2d 77), the rule is subject to the limitation that it applies only in cases where the rights of the appellant are not affected by the error. (See, *e.g.*, *Newark Electronics Corp. v. City of Chicago* (1970), 130 Ill. App. 2d 1021, 1024-27, 264 N.E.2d 868; *Chas. Ind Co. v. Cecil B. Wood, Inc.* (1965), 56 Ill. App. 2d 30, 44, 205 N.E.2d 786, *appeal denied* (1965), 32 Ill. 2d 625.) In *Chas. Ind Co.*, the court held that the appellant had a right to appeal from a judgment in favor of a codefendant based on its finding that the appellant had actively sought to determine the liability of its codefendant in the original action and that the jury verdict finding the codefendant not guilty of negligence would act as a bar to appellant's action for indemnity. (*Chas. Ind Co.*, 56 Ill. App. 2d at 39.) In the instant case, the appellant would be similarly prejudiced. The liability of her then husband for medical insurance coverage had been established in the action for dissolution of marriage; however, summary judgment in the husband's favor here would have a collateral estoppel effect on any future action against him.

John cites *Lane v. General Accident Fire & Life Assurance Corp.* (1987), 165 Ill. App. 3d 153, 520 N.E.2d 60, recently decided by this court, in support of his argument that Lillian lacks standing to appeal here. The plaintiffs in *Lane* filed a declaratory judgment against Travelers Indemnity Company of Illinois (Travelers) and General Accident Fire & Life Assurance Corporation (General Accident), seeking to resolve insurance coverage questions in order to recover a default judgment entered in a personal injury lawsuit. Both defendants filed answers to the complaint but neither filed a counterclaim or cross-claim pursuant to section 2—608 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—608). The trial court denied General Accident's motion for summary judgment, finding that plaintiffs had a valid uninsured motorist claim under its policy. A

summary judgment motion brought by Travelers was granted on the basis that plaintiffs had no coverage under its policy. On appeal, this court found that General Accident lacked standing to appeal the grant of summary judgment in favor of Travelers where the procedural positions of the codefendants were not adverse. *Lane*, 165 Ill. App. 3d at 155.

*Lane* is not determinative here. The fact that Travelers was found not to be liable did not prejudice any right of General Accident, nor would a reversal of that ruling benefit General Accident in any way. In short, in the absence of a direct, immediate and substantial interest which was prejudiced by the order, General Accident was not entitled to question the ruling in favor of a codefendant on appeal.

The instant case is distinguishable from *Lane* in that even in the absence of a counterclaim, the interests of the codefendants are clearly adverse. A ruling in favor of John was necessarily prejudical to Lillian in that it negated her affirmative defense based on the court order in the dissolution proceeding. Lillian had a direct, immediate and substantial interest which was prejudiced by the order granting summary judgment to John and therefore has standing to appeal. See *In re Estate of Tomlinson* (1976), 65 Ill. 2d 382, 387, 359 N.E.2d 109; *Nicholson v. St. Anne Lanes, Inc.* (1987), 158 Ill. App. 3d 838, 842, 512 N.E.2d 127, *appeal denied* (1987), 117 Ill. 2d 545.

■■ ■ We next consider John's arguments that the question of his liability for the medical bills sued for here is barred by *res judicata* or collateral estoppel as the issue of his liability for Lillian's medical bills was disposed of in the dissolution proceedings. The judgment of dissolution required John to pay $294 in bills then pending to St. Mary's Hospital. He also had been ordered to maintain his existing medical insurance coverage for Lillian pending the final disposition of property issues. The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction constitutes an absolute bar to a second adjudication where there is identity of parties, subject matter and cause of action. (*Yaw v. Beeghly* (1982), 109 Ill. App. 3d 627, 632, 440 N.E.2d 1066; *O'Neill v. De Laney* (1980), 92 Ill. App. 3d 292, 296, 415 N.E.2d 1260.) This bar extends not only to issues litigated but to those which could have been decided in the former adjudication. (*Benton v. Smith* (1987), 157 Ill. App. 3d 847, 853, 510 N.E.2d 952.) Even assuming the medical bills in issue could have been litigated in the dissolution action, St. Mary's Hospital is not barred from litigating the unpaid bills here as it was not a party to the dissolution proceedings.

There is no merit to John's argument that the hospital was required to intervene in the dissolution proceeding if it sought to recover payment of the medical bills. As there was neither identity of parties, subject matter nor cause of action between the two proceedings, the findings in the dissolution action have no *res judicata* effect on this litigation.

The doctrine of collateral estoppel likewise does not bar the hospital's action here. When the same parties or their privies are involved in the same issues, which were actually litigated and determined in a prior cause of action, the second action is barred under the doctrine of collateral estoppel. (*Riley v. Unknown Owners of 304 North Oak Park Avenue Building* (1975), 25 Ill. App. 3d 895, 898, 324 N.E.2d 78, *appeal denied* (1975), 58 Ill. 2d 599.) As the $4,979.80 medical bill on which the hospital brought this action was not litigated or determined in the prior proceedings, the doctrine of collateral estoppel does not bar this cause of action.

■ John also argues that in the absence of a counterclaim, Lillian cannot raise the issue of John's liability to her. Had this action been brought under the Contribution Among Joint Tortfeasors Act (Ill. Rev. Stat. 1987, ch. 70, par. 305), rather than the family expense statute, there is no question but that Lillian would have been required to assert a counterclaim for contribution in the action below in order to have standing to appeal the summary judgment in favor of a codefendant. (See *Laue v. Leifheit* (1984), 105 Ill. 2d 191, 195-97, 473 N.E.2d 939.) Here, however, Lillian was not seeking affirmative relief under a counterclaim; she was seeking to defeat plaintiff's cause of action as to her by asserting an affirmative defense under the family expense statute. See *Benckendorf v. Burlington Northern R.R.* (1983), 112 Ill. App. 3d 658, 445 N.E.2d 837.

■ The question remains whether summary judgment should have been granted here. Summary judgment should only be granted where the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (*Wogelius v. Dallas* (1987), 152 Ill. App. 3d 614, 619, 504 N.E.2d 791.) If facts allow for more than one conclusion or inference, including one unfavorable to the moving party, the motion for summary judgment should be denied. *Amin v. Knape & Vogt Co.* (1986), 148 Ill. App. 3d 1075, 1077, 500 N.E.2d 454.

■ The family expense statute (Ill. Rev. Stat. 1987, ch. 40, par. 1015), under which the hospital brought this action, provides in pertinent part:

"The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

Under the statute, a spouse may be legally liable for the hospital and medical expenses of the other spouse. (*Fortner v. Norris* (1958), 19 Ill. App. 2d 212, 215-16, 153 N.E.2d 433.) A husband may be liable for expenses incurred by a wife irrespective of whether they were living separately or whether the husband consented to the expense. (*Lyman v. Harbaugh* (1983), 117 Ill. App. 3d 732, 733-34, 453 N.E.2d 906.) Lillian's counteraffidavit rebuts her husband's assertion that she deserted him and thus he cannot be liable under the family expense statute. She also asserts that the June 3, 1985, judgment for dissolution required John to maintain adequate hospital insurance coverage for the time period covering the costs in issue here, thus negating any inference that the separation of the parties barred his liability under the family expense statute. Lillian's affidavit thus raises a question of fact as to John's liability and summary judgment should not have been granted as a matter of law.

For the reasons stated above, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

CAMPBELL, P.J., and BUCKLEY, J., concur.