# Illinois Official Reports

## Appellate Court

---

### *In re C.H.*, 2018 IL App (3d) 180089

---

| | |
|---|---|
| Appellate Court Caption | *In re* C.H., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Stephanie H., Bradley P., and Whom It May Concern, Respondents (Joseph K. and Hattie K., Intervenors-Appellants)). |
| District & No. | Third District<br>Docket No. 3-18-0089 |
| Filed | July 11, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 16-JA-1; the Hon. Paula A. Gomora, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Charles Rohde, of Law Offices of Rohde & Infelise, P.C., of Addison, for appellants.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, David J. Robinson, and Richard T. Leonard, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Justices McDade and Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1    In the course of juvenile proceedings concerning C.H., the trial court made a finding it was not in the best interest of or appropriate with the permanency goal that C.H. be returned to the foster home of appellants Joseph and Hattie K. This ruling resulted in the dismissal of the administrative appeal Joseph and Hattie had filed with the Department of Children and Family Services to contest the removal of C.H. from their care. Joseph and Hattie moved to intervene and to be heard in juvenile proceedings and moved to vacate the trial court's finding. The trial court granted them a right to be heard but denied their motions to intervene and to vacate. They appealed. The State moved to dismiss the appeal based on lack of standing. We find Joseph and Hattie lack standing and dismiss the appeal.

¶ 2                                        FACTS

¶ 3    On January 2, 2016, C.H., who was born November 11, 2015, was removed from the custody of her mother and placed with Joseph and Hattie K., licensed foster parents with the Department of Children and Family Services (DCFS). Reports filed in the juvenile proceedings by the DCFS caseworker indicated C.H. was doing well in her foster placement and had bonded with Joseph and Hattie. On April 19, 2017, C.H. and another unrelated foster child were removed from the foster home based on allegations of animal cruelty concerning the family dog.

¶ 4    Joseph and Hattie sought a placement review appeal with DCFS, where the decision was made that C.H. should remain out of their foster home. They filed an administrative appeal of the placement decision. DCFS also began an investigation regarding Joseph and Hattie's foster license and informed them the license was going to be revoked. Joseph and Hattie appealed the revocation decision and sought to join the placement appeal with it. DCFS thereafter determined not to revoke their foster license. Joseph and Hattie scheduled the administrative appeal for November 17, 2017.

¶ 5    A DCFS report indicated that C.H. was adjusting well to her new foster home and bonding with the foster family, who were willing to adopt her. The State filed a motion to terminate the parental rights of C.H.'s parents, and based on the motion, the court found C.H.'s parents unfit and that it was in C.H.'s best interests that their parental rights be terminated. On November 17, 2017, during a status hearing in the juvenile proceedings, the court found that a return of C.H. to Joseph and Hattie was not in her best interest or appropriate to achieve the permanency goal of adoption. The order was immediately transmitted to the administrative hearing officer, who dismissed the administrative appeal in the middle of the hearing per the administrative rules. See 89 Ill. Adm. Code 337.110(a)(4) (2016).

¶ 6    On December 4, 2017, Joseph and Hattie moved to be heard or to intervene in the juvenile proceedings and moved to vacate the November 17, 2017, order. Joseph and Hattie were allowed to argue their positions. The trial court denied Joseph and Hattie's motion to vacate, finding the November 17 order stood and denied their motion to intervene. They timely appealed. The State sought to dismiss the appeal. We took the State's motion with the case.

## ANALYSIS

On appeal, Joseph and Hattie argue the trial court's ruling violated their rights as foster parents. We first address the State's motion to dismiss the appeal. The State argues that Joseph and Hattie lack standing to maintain this appeal because they were not parties in the proceedings below.

Any party or an attorney representing a party may appeal an adverse final decision entered by the trial court. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Standing requires some injury to a legally recognized right. *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 492 (1988). "The essence of the inquiry concerning standing is whether the litigant *** is entitled to have the court decide the merits of a dispute or a particular issue." *Powell v. Dean Foods Co.*, 2012 IL 111714, ¶ 36. To determine standing, the court must decide whether the relief granted would benefit the party. *In re Nitz*, 317 Ill. App. 3d 119, 122 (2000). We review *de novo* whether a party has standing. *Powell*, 2012 IL 111714, ¶ 35.

Former foster parents have a right to be heard in the juvenile proceedings but they do not become parties to the proceedings. 705 ILCS 405/1-5(2)(a) (West 2016). Necessary parties to a juvenile proceeding include parents or legal guardians but not foster parents. *In re A.H.*, 195 Ill. 2d 408, 424 (2001).

As former foster parents, Joseph and Hattie were entitled to a right to be heard in the juvenile proceedings, which the trial court granted them. They were provided the opportunity and argued their motion to vacate the trial court's November 17 order, which ruled against returning C.H. to Joseph and Hattie's home. The right to be heard does not afford Joseph and Hattie's party status or the right to appeal the trial court's ruling. See *Nitz*, 317 Ill. App. 3d at 122 ("any party to a case may seek appellate review from a final judgment that is adverse to his interests"); *Vece v. De Biase*, 31 Ill. 2d 542, 545 (1964) (nonparty to the record must establish his or her interest in the proceeding as a prerequisite to an appeal).

Nonparties may have standing where they have "a direct, immediate and substantial interest in the subject matter of the litigation which would be prejudiced by the judgment or benefit by its reversal." *St. Mary of Nazareth Hospital v. Kuczaj*, 174 Ill. App. 3d 268, 271 (1988). A nonparty is prejudiced where his legal right is affected by the challenged order. *McDonald's Corp. v. Blotnik*, 28 Ill. App. 3d 732, 734 (1975). A " 'speculative, theoretical, inconsequential or remote' " interest is insufficient to afford a party appeal rights. *Board of Trustees of Community College District No. 508 v. Rosewell*, 262 Ill. App. 3d 938, 955 (1992) (quoting *In re Johnson*, 53 Ill. App. 3d 921, 923 (1977)).

Joseph and Hattie maintain they have standing even as nonparties to the trial court action because they have a direct, immediate, and substantial interest in the placement of C.H. in their foster home. We disagree. They do not have any rights to continue to foster C.H. See *Benz v. Department of Children & Family Services*, 2015 IL App (1st) 130414, ¶ 38 (foster parents do not have a liberty interest in their foster children (citing *In re A.H.*, 195 Ill. 2d at 423)); *Johnson v. Burnett*, 182 Ill. App. 3d 574, 582-83 (1989) (foster parents do not have constitutionally protected liberty interests in the continued care of foster children). Because they have no legal right to foster C.H., Joseph and Hattie cannot demonstrate any prejudice they would suffer as a result of the trial court's ruling. Their foster license was back in good standing, and their home was available to shelter other foster children. As former foster parents, they do not have a direct, immediate or substantial interest in the juvenile proceeding concerning C.H., despite their desire for her to return to their home.

¶ 14    Joseph and Hattie's reliance on *In re C.C.*, 2011 IL 111795, is misplaced. The court there did not reach the merits of a case by a previous foster parent but instead considered the status of the children's former guardian, from whom the children had been removed due to neglect. *Id.* ¶ 23. At issue was the former guardian's status in the juvenile proceedings. *Id.* ¶ 29. The reviewing court acknowledged the former guardian's right to be heard based on her prior status but concluded that she was not a party to the proceedings. *Id.* ¶ 35. Joseph and Hattie also rely on the Foster Parent Law (20 ILCS 520/1 *et seq.* (West 2016)), which provides them certain rights as foster parents. Those rights include the right to an administrative appeal. *Id.* § 1-15(13). We acknowledge the trial court's ruling resulted in a dismissal of the administrative appeal, but the appeal of that decision is not before us. We find Joseph and Hattie lack standing to bring this appeal, and we dismiss it on that basis.

¶ 15                                    CONCLUSION

¶ 16    For the foregoing reasons, the appeal is dismissed.

¶ 17    Appeal dismissed.