2023 IL App (1st) 230157-U

FOURTH DIVISION
Order filed: August 31, 2023

No. 1-23-0157

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| 239 FRANKLIN, LLC. and HOYD BUILDERS, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs, | ) | Cook County |
| | ) | |
| (239 Franklin, LLC, Plaintiff-Appellant), | ) | |
| | ) | |
| v. | ) | No. 2021 L 06737 |
| | ) | |
| | ) | |
| CLIFF TOWN and TOWN STUDIOS, INC., | ) | Honorable |
| | ) | Mary Collen Roberts, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1   *Held*:  Finding that the appellant, 239 Franklin, LLC., lacked standing to appeal the circuit court's dismissal of Count I of the Second Amended Complaint, we dismissed its appeal from both the dismissal of Count I and the denial of its motion to reconsider that dismissal. We affirmed the circuit court's dismissal of Count II of the Second Amended Complaint as barred by the economic loss doctrine set out by the supreme court in *Moorman Manufacturing Co. v. National Tank, Co.* 91 Ill. 2d 69 (1982),

and affirmed the denial of 239 Franklin, LLC.s motion to reconsider the dismissal of that claim.

¶ 2    239 Franklin, LLC, (239 Franklin), appeals from an order of the circuit court, dismissing both Counts I and II of the Second Amended Complaint filed by it and its co-plaintiff, Hoyd Builders, Inc. (Hoyd), against Town Studios, Inc. (Town Studios) and Cliff Town (Cliff) (collectively referred to as the defendants). Count I was a breach of contract claim brought solely on behalf of Hoyd and against the defendant, Town Studios only. Count II was a negligence claim brought on behalf of both 239 Franklin and Hoyd against both defendants. 239 Franklin also appeals from an order of the circuit court denying its motion to reconsider the dismissal of both counts. For the reasons which follow, we dismiss 239 Franklin's appeal from the circuit court's dismissal of Count I of the Second Amended Complaint and its denial of the motion to reconsider the dismissal of that count, and we affirm the circuit court's dismissal of Count II of the Second Amended Complaint and the denial of the motion to reconsider the dismissal of that count.

¶ 3    239 Franklin and Hoyd (collectively referred to as the plaintiffs) filed a two-count second amended complaint against the defendants (the Complaint). Count I set forth a breach of contract claim against Town Studios only and sought a judgment and other relief in favor of only Hoyd. Count II set forth a negligence claim in favor of both 239 Franklin and Hoyd and against both Cliff and Town Studios.

¶ 4    Both counts rely on common allegations, summarized as follows. 239 Franklin is the owner of property commonly known as 239 Franklin Rd., Glencoe, Illinois (the Property). Hoyd was the general contractor for the construction of a single-family residence on the Property. In July 2019, Victor Bickus on behalf of Hoyd met with Cliff, a licensed architect and president of Town Studios, and entered into an oral contract pursuant to which Town Studios agreed to prepare and submit

architectural plans for the construction of a single-family residence on the Property (the Plans) in exchange for a fee of $8,165.

¶ 5    The Complaint alleged that Town Studios completed the Plans on or about August 23, 2019, and submitted them to the Village of Glencoe (the Village) for approval. After an initial rejection, Town Studios submitted revised Plans on or about October 7, 2019, which the Village approved on or about November 19, 2020. Shortly after securing the Village's approval, Hoyd commenced construction of the house on the Property.

¶ 6    According to the Complaint, on January 14, 2021, after the foundation for the proposed residence had been completely poured, the Village notified the plaintiffs that the front setback of the foundation was in violation of the Village's zoning code. The Village's notice stated that "the required front setback may have been mistakenly measured from the curb line of Franklin Road." The Complaint alleges that Cliff and/or Town Studios incorrectly measured the front setback and incorporated that measurement into the Plans which resulted in the foundation being poured 17.91 feet too close to the front lot line of the Property in violation of the Village's zoning ordinance.

¶ 7    In Count I, seeking damages for breach of contract in favor of only Hoyd and against Town Studios only, it is additionally alleged that Hoyd performed all of its obligations under the contract, including the payment of $8,165, but Town Studios breached the contract when it prepared Plans that included a foundation that was approximately 17.91 feet too close to the front lot line of the Property in violation of the Village's zoning ordinance. Count I also alleged that, as a result of Town Studios breach, Hoyd had to demolish, remove, and replace the foundation.

¶ 8    In Count II, a negligence claim seeking damages in favor of both plaintiffs and against both defendants, the plaintiffs alleged, in addition to the common allegations, that Cliff and Town Studios were under a duty to exercise ordinary care required of architects when they prepared the

Plans which they breached when they prepared Plans that included a foundation that was too close to the front lot line of the Property in violation of the Village's zoning ordinance. According to Count II, the plaintiffs incurred damages as a direct and proximate result of the defendants' negligence, including being required to demolish, remove, and replace the foundation.

¶ 9    The defendants filed a combined motion to dismiss both counts of the Complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2020)). For grounds under section 2-615 of the Code (735 ILCS 5/2-615 (West 2020)), the defendants alleged that the breach of contract action pled in Count I of the Complaint is "deficient" for failure to "plead the existence of a contractual duty between Hoyd and [Town Studios] to ensure that the Village of Glencoe correctly approves the proposed placement of the house on the Lot or that [Town Studios] had a duty to correctly position the proposed home on the Site Plan in accordance with the zoning laws of Glencoe." The defendants sought involuntary dismissal of both counts of the Complaint pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2020)). As to Count I, the defendants argued (1) that the damages sought "were not proximately caused by any architectural failure on the part of [Town Studios]" but rather by "the erroneous approval of the proposed placement of the home on the Lot by the plan review consultant for the Village of Glencoe[,]" and (2) that Town Studios had "no implied contractual duty to ensure that the Village of Glencoe correctly approves the proposed placement of the home on the Lot, or that the Site Plan submitted by [Town Studios] complies with Glencoe's zoning laws." As to Count II, the defendants argued that purely economic losses may not be recovered against an architect in a tort action.

¶ 10    On August 25, 2022, the circuit court granted the defendants' motion and dismissed both counts of the Complaint. As to Count I, the breach of contract claim, the circuit court found that

the "Plaintiffs failed to plead proximate cause between their injury and any alleged wrongdoing, if any, by Defendants." In arriving at that conclusion, the circuit court found that "[t]he actual injury was caused by the Village of Glencoe approving a construction permit for the home in a proposed location and Plaintiffs relying on the permit." As to Count II, the negligence claim, the circuit court found that the plaintiffs suffered "no damage beyond *** failing to realize their economic expectations [,]" resulting in a purely economic loss, and as a consequence, they cannot recover in tort, regardless of their inability to recover in an action for breach of contract. Subsequently, 239 Franklin filed a motion to reconsider which the circuit court denied on December 16, 2022. On January 13, 2023, 239 Franklin filed its notice of appeal from the circuit court's orders of August 25, 2022, dismissing both counts of the Complaint, and December 16, 2022, denying its motion to reconsider. Hoyd did not file a notice of appeal and has not been joined as a party to this appeal.

¶ 11    We address first the defendants' argument that the instant appeal should be dismissed based on 239 Franklin's failure to join Hoyd as an appellant. The argument appears to be one of 239 Franklin's lack standing to prosecute this appeal. Consequently, this court ordered the parties to submit supplemental briefs addressing the standing question.

¶ 12    Issues of standing do not implicate this court's jurisdiction to hear an appeal. See *Lebron v. Gottlieb Memorial Hospital,* 237 Ill. 2d 217, 252 (2010). Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) provides that: "Every final judgment of a circuit court in a civil case is appealable as of right. The appeal is initiated by filing a notice of appeal. No other step is jurisdictional." When a party to a case files a timely notice of appeal from a final judgment of the circuit court, this court has jurisdiction to hear the appeal. *Vece v. DeBiase,* 31 Ill. 2d 542, 544-45 (1964).

¶ 13 The essence of an inquiry concerning standing is whether a litigant is entitled to have the court decide the merits of a dispute or a particular issue. *In re Estate of Wellman,* 174 Ill. 2d 335, 345 (1996). Standing is not simply a procedural technicality; rather, it is an aspect or component of justiciability. *Id.* at 344. "The purpose of the [standing] doctrine is to ensure that courts are deciding actual, specific controversies and not abstract questions or moot issues." *Id.*

¶ 14 Any party to a case has standing to seek appellate review from a final judgment which is averse to its interests. *St. Mary of Nazareth Hospital v. Kuczaj,* 174 Ill. App. 3d 268, 270-71 (1988). In this case, there is no question that 239 Franklin has standing to appeal the dismissal of Count II of the Complaint. As to that count, 239 Franklin is a co-plaintiff, relief was sought for both it and its co-plaintiff, Hoyd, and the circuit court's dismissal of the count was averse to the interests of both 239 Franklin and Hoyd. The question remains whether 239 Franklin has standing to appeal from the dismissal of Count I, the breach of contract action brought on behalf of Hoyd only.

¶ 15 In its supplemental brief, 239 Franklin argues that it has standing to appeal the dismissal of Count I, because, although the count sought relief only in favor of Hoyd, it "as the owner of the property that is the subject of this dispute, has a 'real interest' in the 'subject matter of the controversy.' " According to 239 Franklin, "[i]n the event that a judgment on those claims is entered in favor of Hoyd Builders, 239 Franklin, LLC. will stand to benefit."

¶ 16 The defendants note in their supplemental brief that Count I of the Complaint alleges the existence of a contract between Hoyd and Town Studios. 239 Franklin is not alleged to be a party to that contract. They assert that 239 Franklin "would not be benefited by a judgment in Hoyd's favor as to Count I or prejudiced by the dismissal of Count I." As such, the defendants argue that 239 Franklin has no standing to appeal from dismissal of Count I because it "has no interest

whatsoever in the subject matter of Count I, which is solely a breach of contract claim between Hoyd and [Town Studios]."

¶ 17     239 Franklin correctly asserts that any party to a case may seek appellate review from a final judgment which is averse to its interests, and whether the party was actually aggrieved does not determine its right to appeal. *St. Mary of Nazareth Hospital v. Kuczaj,* 174 Ill. App. 3d at 270-71. However, "[t]he doctrine of standing ensures that issues are raised only by parties having a real interest in the outcome of the controversy." *Powell v. Dean Foods Co.,* 2012 IL 111714, ¶ 35.  A party cannot complain of an error that does not prejudicially affect it. *Id.,* ¶ 36.  Standing requires some injury in fact to a legally recognized interest. *In re Estate of Wellman,* 174 Ill. 2d at 345.

¶ 18     Although 239 Franklin asserts that it had a "real interest" in the subject matter of the breach of contract claim pled in Count I and that it "will stand to benefit" from a judgment in favor of Hoyd on Count I, it fails to identify its interest in the breach of contract claim that was brought in favor of only Hoyd. To be sure, the Complaint does allege that 239 Franklin is the owner of the Property and that the Plans were for the construction of a building on the Property, but 239 Franklin does not explain how it would benefit from any judgment in favor of only Hoyd on Count I. Count I alleges that the oral contract at issue was entered into by and between Hoyd and Town Studios. It does not allege that 239 Franklin was a party to that contract. Count I sought damages in favor of Hoyd only; no damages were sought in favor of 239 Franklin. The Complaint did not plead a breach of contract claim in favor of 239 Franklin as the third-party beneficiary of the contract entered into by and between Hoyd and Town Studios.

¶ 19     A party cannot complain of an error that does not prejudicially affect it. *Powell,* 2012 IL 111714, ¶ 36; *Geer v. Kadera,* 173 Ill. 2d 398, 413 (1996). As the defendants correctly assert, 239 Franklin "would not be benefited by a judgment in Hoyd's favor as to Count I or prejudiced by the

dismissal of Count I." Hoyd has not appealed the dismissal of Count I, and we fail to see what standing that 239 Franklin has to appeal the dismissal of a claim brought by and for the benefit of only Hoyd. For this reason, we dismiss 239 Franklin's appeal from the dismissal of Count I of the Complaint and the denial of its motion for reconsideration of the dismissal of that count. We wish to be clear that we have not addressed the propriety of the circuit court's dismissal of Count I, we find only that 239 Franklin lacks standing to appeal the dismissal.

¶ 20    Next, we address 239 Franklin's appeal from the circuit court's dismissal of Count II of the Complaint, the negligence claim brought by both it and Hoyd. As noted earlier, that count was dismissed pursuant to a motion seeking involuntary dismissal pursuant to section 2-619 of the Code, arguing that the damages sought were for purely economic losses that may not be recovered against an architect in a tort action.

¶ 21    A section 2-619 motion to dismiss admits the legal sufficiency of the complaint but asserts a matter that defeats the plaintiff's claim. *Dawkins v. Fitness International, LLC*, 2022 IL 127561, ¶ 24. This court's review of a dismissal under section 2-619 is *de novo*. *O'Connell v. County of Cook*, 2022 IL 127527, ¶ 19. On *de novo* review, this court may affirm the circuit court on any basis supported by the record and law. *American Steel Fabricators, Inc. v. K&K Iron Works, LLC*, 2022 IL App (1st) 220181, ¶ 17.

¶ 22    In urging the reversal of the dismissal of Count II of the Complaint, the negligence count, 239 Franklin argues that the action pled is one for negligent misrepresentation, arising independently from the contract between Hoyd and Town Studios and not merely an action to recover economic losses due to defeated expectations of a commercial bargain. A simple reading of Count II reveals the fallacy of the argument.

¶ 23    Count II alleges that Town Studios and Town were under a duty to exercise care ordinarily required of architects in the preparation of the Plans. It goes on to allege that the defendants breached that standard of care when they negligently prepared the Plans that included a foundation for the structure to be constructed on the Property that was too close to the lot line of the Property in violation of the Village's zoning ordinance. Count II goes on to allege that, as a result of the defendant's breach of duty, the plaintiffs suffered damages. The Count does not allege that the defendants were in the business of supplying information for the guidance of others in their business dealings, a necessary element of an action for negligent misrepresentation. See *Tolan & Son, Inc. v. KLLM Architects, Inc.,* 308 Ill. App. 3d 18, 27 (1999). Count II pleads nothing other than a claim for architectural negligence in the preparation of the Plans.

¶ 24    In *Moorman Manufacturing Co. v. National Tank Co.,* 91 Ill. 2d 69, 91-92 (1982), the supreme court held that a plaintiff cannot recover in tort for solely economic loss that is not accompanied by either personal injury or property damage. The holding has come to be known as the *Moorman* doctrine. There are two exceptions to that rule: fraud and negligent misrepresentation. *2314 Lincoln Park West Condominium Ass'n v. Mann, Gin, Ebel & Frazier, Ltd.,* 136 Ill. 2d 303, 309 (1990). The supreme court addressed the application of the *Moorman* doctrine and its negligent misrepresentation exception to architects in *2314 Lincoln Park West Condominium Ass'n v. Mann, Gin, Ebel & Frazier, Ltd.,* concluding that a tort action does not lie against an architect when the plaintiff seeks to recover purely economic losses due to defeated expectations of a commercial bargain. 136 Ill. 2d at 311-12.

¶ 25    The commercial bargain in this case as alleged in Count II of the Complaint was for the preparation of the Plans in exchange for a fee of $8,165. The Count alleges that defendants breached the standard of care required of architects when they negligently prepared the Plans, and

the plaintiffs sought recovery for the cost of demolition, removal and replacement of the foundation on the Property. The damages sought are for purely economic losses due to the defeated expectations of a commercial bargain which cannot be recovered in a tort action against these defendants. *2314 Lincoln Park West Condominium Ass'n,* 136 Ill. 2d at 311-12. Consequently, we affirm both the dismissal of Count II of the Complaint for failure to state a cause of action upon which relief might be granted and the denial of 239 Franklin's motion to reconsider the dismissal of Count II.

¶ 26     By way of summary, we: dismiss 239 Franklin's appeal from both the dismissal of Count I of the Complaint and the denial of its motion to reconsider the dismissal of Count I; and affirm both the circuit court's dismissal of Count II of the Complaint and the denial of 239 Franklin's motion to reconsider the dismissal of Count II.

¶ 27     Affirmed in part and dismissed in part.