**CLD-212**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1141
_____

A. P., A MINOR, BY AND THROUGH RASHEENA
PHINISEE, PARENT AND NATURAL GUARDIAN;
RASHEENA PHINISEE, IN HER OWN RIGHT,

                                                        Appellants

v.

THE UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-10-cv-01253)
District Judge: Richard A. Lloret
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 17, 2018

Before:  CHAGARES, GREENAWAY, JR., and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 31, 2018)
_____

OPINION*
_____

PER CURIAM

Rasheena Phinisee, on her own and on behalf of her minor daughter A. P., appeals the Magistrate Judge's order denying her Rule 60(b) motion and granting a petition to appoint a guardian *ad litem*, as well as the Magistrate Judge's order directing that an email she sent to the Clerk's Office seeking relief be disregarded. For the reasons that follow, we will summarily affirm.

Ms. Phinisee and A.P., through counsel, Derek Layser and Gilbert Spencer, filed a medical malpractice suit in 2010 under the Federal Tort Claims Act in the United States District Court for the Eastern District of Pennsylvania. They alleged that A. P. developed biliary atresia, a disorder that causes liver failure, as a result of her ingestion through breast milk of Macrobid, a medication prescribed for Ms. Phinisee at a federally-funded health care clinic. With the parties' consent, the case was referred to a United States Magistrate Judge. The Government moved for summary judgment on the ground that Ms. Phinisee and A.P. could not establish the causal element of their negligence claim. While the Government's motion was pending, the parties attended a settlement conference where the Government offered to settle the case for $1.2 million. With Ms. Phinisee's authorization, her counsel accepted the offer. The day after the conference, Ms. Phinisee informed her counsel that she had decided to withdraw her acceptance because she had discovered that the settlement proceeds, which were to be placed in a special needs trust for the benefit of A. P., were subject to a lien held by the Pennsylvania Department of Public Welfare ("DPW") for past medical expenses paid through Medicaid. The amount of the lien was $703,491.25. Ms. Phinisee then discharged her counsel and retained new counsel.

2

In May, 2012, the Government moved to enforce the settlement agreement. At a hearing on this motion, Ms. Phinisee testified that she had not been informed of the DPW Medicaid lien and, upon learning of its existence, no longer believed that the Government's offer adequately protected A. P. She additionally argued that the settlement conference could not have resulted in a binding agreement because the Government's offer was contingent upon its ability to obtain approval from the Assistant U.S. Attorney General, and because her former counsel had misled her into dropping claims brought in her own name. Former counsel testified that the Medicaid lien was discussed with Ms. Phinisee on the day of the conference; that she was happy with the $1.2 million offer; and that she authorized them to accept it.

The Magistrate Judge granted the Government's motion to enforce the settlement on August 6, 2012. Former counsel then filed a petition for minor's compromise, and the Magistrate Judge approved it on September 4, 2012.[1] Ms. Phinisee and A.P. then moved unsuccessfully for reconsideration of both rulings. On appeal to this Court, they contended that the Magistrate Judge erred in granting the Government's motion to enforce the settlement; in denying reconsideration of the enforcement ruling; and in approving the petition for minor's compromise. We affirmed in a non-precedential opinion, holding that the settlement was enforceable; that due process was not violated by former counsel's filing of the petition for minor's compromise; and that the petition for

---

[1] Rule 41.2(a) of the Local Rules of the Eastern District provides that, "[n]o claim of a minor ... shall be compromised, settled, or dismissed unless approved by the court." Rule 41.2(b) and (c) further prohibit the distribution of proceeds, counsel fees, costs, or expenses out of any fund obtained for a minor without court approval.

3

minor's compromise was not substantively inadequate, see A.P. ex rel. Phinisee v. United States, 556 F. App'x 132 (3d Cir. 2014).

The Department of Health and Human Services paid the $1.2 million settlement on September 10, 2014. The amount owed specifically to Ms. Phinisee and A.P. after attorneys' fees -- $859,587.73 -- was placed in an escrow account of the Law Firm of Layser & Freiwald, pending the creation of a special needs trust and the resolution of the DPW Medicaid lien. The funds remain in the escrow account undistributed to this day. In the meantime, Ms. Phinisee again sought new counsel and sued her former attorneys for negligence, alleging that they induced her to settle for significantly less than the value of her claim. The District Court granted former counsel's motion to dismiss this negligence action, and we affirmed on appeal in a non-precedential opinion, see Phinisee v. Layser, 627 F. App'x 118 (3d Cir. 2015).

In August, 2017, nearly three years after the settlement was paid, Ms. Phinisee filed a pro se Rule 60(b)(6) motion and amended motion, alleging fraud on the court in connection with the settlement, which she again argued was inadequate. The Magistrate Judge summarily denied the Rule 60(b)(6) motion and the case was reassigned to a new Magistrate Judge. In September, 2017, Aaron J. Freiwald, Esquire, of Friewald Law (formerly, Layser & Freiwald, P.C.), petitioned the Magistrate Judge for the appointment of a guardian *ad litem* for A.P., on the ground that the settlement proceeds had yet to be distributed and were not being used for their intended purpose. Ms. Phinisee renewed her request for Rule 60(b)(6) relief.

4

At the direction of the Magistrate Judge, the U.S. Attorney submitted a response to the Rule 60 motion and to attorney Friewald's petition for the appointment of a guardian *ad litem* for A.P. The U.S. Attorney responded that, in September, 2016, Ms. Phinisee retained attorney Kevin Buttery to complete the necessary legal requirements for the settlement funds to be made available to A.P. It appeared to the U.S. Attorney that Buttery made substantial progress toward that goal; however, the attorney-client relationship broke down, and he terminated his representation by way of an August 16, 2017 letter. The U.S. Attorney was unaware of any further efforts by Ms. Phinisee to obtain new counsel.

On November 21, 2017, Ms. Phinisee emailed the District Court Clerk's Office, seeking relief. On November 22, 2017, the Magistrate Judge ordered that the email be disregarded, and advised Ms. Phinisee to file a memorandum replying to the U.S. Attorney's response and attorney Friewald's petition, and a proper motion if she desired relief. Ms. Phinisee then filed the required reply memorandum.

In an order entered on January 10, 2018, the Magistrate Judge denied Ms. Phinisee's Rule 60(b)(6) motion to reopen the settlement on the merits and as untimely filed, and granted the petition for appointment of a guardian *ad litem*. With respect to appointment of a guardian *ad litem*, the Magistrate Judge noted the need to bring this litigation to an end for the sake of A.P.

Ms. Phinisee appeals pro se on behalf of herself and A.P. Our Clerk granted her leave to appeal in forma pauperis and advised her that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Cir. LAR 27.4

and I.O.P. 10.6.  Our Clerk also advised Ms. Phinisee that a non-attorney parent must be represented by counsel to the extent that the parent brings an action to pursue claims on behalf of her child, and that the appeal would proceed only as to her unless an appearance by counsel was entered.  No attorney has entered an appearance and thus we will dismiss A.P.'s appeal.  Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876, 882-883 (3d Cir. 1991) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.").

We will summarily affirm to the extent of Ms. Phinisee's interests in this appeal. Summary action is appropriate where no substantial question is presented by the appeal, Third Circuit LAR 27.4 and I.O.P. 10.6.  We have jurisdiction under 28 U.S.C. § 1291 to review the Magistrate Judge's order denying the Rule 60(b)(6) motion, and jurisdiction to review the Magistrate Judge's order appointing a guardian *ad litem*, see Isidor Paiewonsky, Inc. v. Sharp Properties, Inc., 998 F.2d 145, 150 (3d Cir. 1993) (post-judgment orders are final and immediately appealable).

We review the Magistrate Judge's decision not to reopen the case for abuse of discretion.  See Reform Party of Allegheny County v. Allegheny County Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc).  We agree with the Magistrate Judge that Ms. Phinisee's Rule 60(b)(6) motion was untimely filed and does not state a basis for relief.  Relief under Rule 60(b)(6) may only be granted in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.  See Lasky v. Continental Products Corp., 804 F.2d 250, 256 (3d Cir. 1986) (citing Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977)).  See also Sawka v.

6

Healtheast, Inc., 989 F.2d 138, 140 (3d Cir.1993) (Rule 60(b)(6) relief "may only be granted under extraordinary circumstances"). Here, the Rule 60(b)(6) motion offered nothing new, and any error in the settlement could have been corrected on appeal. Thus, there was no showing of extraordinary circumstances sufficient to warrant reopening the case. See Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911-12 (3d Cir. 1977) (motion under Rule 60(b) may not be used as substitute for appeal). Moreover, "[s]ettlement agreements are encouraged as a matter of public policy ...," and "allow[ing] parents to void [them] when they become unpalatable would" undercut that policy. D.R. v. East Brunswick Board of Education, 109 F.3d 896, 901 (3d Cir. 1997). In addition, a motion for relief under Rule 60(b)(6) must be made within a reasonable time. See Martinez-McBean, 562 F.2d at 913 n.7. We agree with the Magistrate Judge that Ms. Phinisee did not comply with the reasonable time requirement in that she filed her Rule 60(b)(6) motion more than five years after the entry of the order enforcing the settlement agreement.

We further agree with the Magistrate Judge that appointment of a guardian *ad litem* was necessary here for A.P.'s sake and to bring this case to a close. "Rule 17(c) flows from the general duty of the court to protect the interests of" minors and those who are incompetent "in cases before the court." Garrick v. Weaver, 888 F.2d 687, 693 (10th Cir. 1989) (citing Dacanay v. Mendoza, 573 F.2d 1075, 1079 (9th Cir. 1978)). A minor whose parent is unrepresented may be represented by a guardian *ad litem*. Fed. R. Civ. P. 17(c)(2). "The court must appoint a guardian *ad litem* . . . to protect a minor … who is unrepresented in an action." Id. The responsibility for determining whether a situation

7

warrants appointment of a guardian *ad litem* "appears generally to be left to the discretion of the district courts." Powell v. Symons, 680 F.3d 301, 303 (3d Cir. 2012).

Ms. Phinisee is the primary caregiver and natural guardian of her minor child, A.P. Generally, when a parent brings a lawsuit on behalf of her minor child and has similar interests as the minor, there is no need for a court to appoint a guardian *ad litem*, but where there is a conflict of interests, the court is empowered to appoint a guardian *ad litem* to represent the minor. See Burke v. Smith, 252 F.3d 1260, 1264 (11th Cir. 2001). See also Garrick, 888 F.2d at 693 (same). In moving for Rule 60(b) relief pro se, Ms. Phinisee did not even raise the issue of how to gain access to the settlement funds to benefit A.P. and appears interested only in revisiting the underlying settlement. In this case, the settlement funds were disbursed to the escrow account more than three years ago, but Ms. Phinisee has not completed the necessary steps so that the funds can be used to benefit her child. Therefore, the directives of the Magistrate Judge's September 4, 2012 order enforcing the settlement agreement remain unmet.

In order to satisfy the Magistrate Judge's mandate regarding allocation of the settlement funds, it appears that an attorney should create a special needs trust and negotiate the Medicaid lien. Instead of retaining new counsel to create a special needs trust, Ms. Phinisee pursued a frivolous Rule 60(b) motion to reopen matters previously decided, indicating a pointless refusal to carry out the terms of the settlement agreement. Such conduct is not in the best interests of A.P. or the interests of justice. A.P. has been deprived of the special needs trust and its corpus by virtue of Ms. Phinisee's refusal to follow through on the settlement agreement. We do not wish to imply that Ms. Phinisee

8

generally is unable or unwilling to protect the interests of A.P. A guardian *ad litem* is appointed only as a representative of the court to act for the minor in the cause, Fed. R. Civ. P. 17(c)(2), where, as here, a conflict of interest exists with respect to moving forward. Accordingly, it was proper for the Magistrate Judge to appoint a guardian *ad litem* to ensure that the settlement funds can be used to benefit A.P.

For the foregoing reasons, we will summarily affirm the orders of the Magistrate Judge denying Rule 60(b)(6) relief, granting the petition to appoint a guardian *ad litem*, and directing that Ms. Phinisee's email to the Clerk's Office seeking relief be disregarded.[2]

---

[2] With respect to the latter order, the Magistrate Judge concluded, and we agree, that a motion, not an email, is the proper way to seek relief from the Court, see E.D. Pa. Local Rule 7.1.